## Edwin T. Clark v. Maggie Pearl Holchak.

No. A-3660. Decided January 14, 1953.

(254 S.W., 2d Series, 101.)

*R. N. Cate, of San Antonio,* for petitioner.

The trial court erred in his construction of the contract and in ordering the case dismissed with prejudice, and the Court of Civil Appeals erred in sustaining such construction and order. Allen v. Creighton, 131 S.W. 2d 47; Decker v. Kirlick, 110 Texas 90, 216 S.W. 385; Gracia v. King, 139 Texas 578, 164 S.W. 2d 509, 512.

*John N. Barnhart, Wade & Wade* and *Reese Wade,* all of Beeville, for respondent.

The discovery of a small amount of oil which was turned into a slush pit did not constitute paying production within the meaning of the contract, and where, upon a pretrial hearing plaintiff voluntarily admitted he would have no cause of action upon any theory, the trial court was justified in dismissing the suit. Loeffler v. King, 228 S.W. 2d 201; Fleming v. Ashcroft, 141 Texas 41, 175 S.W. 2d 401; City of Fort Worth v. Gilliland, 140 Texas 616, 169 S.W. 2d 149.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action by petitioner, Edwin T. Clark, for accumulated royalties and for a declaratory judgment establishing his right to a 1/64th oil royalty interest under a deed dated December 10, 1930, and containing this limitation or condition of defeasance:

"It is further agreed and herein stipulated that in case there is no paying production on said land on December 10, 1945, and for six months thereafter, that this grant shall become null and void, and the minerals hereby conveyed shall revert to the said Grantor, their heirs and assigns, but should there be such production, then and in that event, this grant shall remain in full force and effect until such production ceases, after which this instrument shall become null and void."

The trial court called a pre-trial conference, at which petitioner freely admitted that there was no production from the land on December 10, 1945, but claimed that there was paying production before the expiration of the six months' period thereafter. Based upon petitioner's admission, the trial court sustained a special exception to his petition for his failure to allege "that there was paying production on said land on December 10, 1945, which continued for six months thereafter." The order sustaining the special exception contained this further provision:

"And it further appearing from the pleadings and from the sworn testimony of the plaintiff, Edwin T. Clark, that the special exception goes to the fundamental nature of the plaintiff's suit, and that under no theory consistent with the pleadings and sworn testimony of the plaintiff could he allege a valid cause of action against the defendant, plaintiff is not granted leave to amend said petition, but this suit is ORDERED dismissed with prejudice from the docket of this court."

The Court of Civil Appeals held that "We think the contract

is capable of no interpretation except that the property interest reverted in absence of paying production on December 10, 1945. Since that necessary production did not exist and cannot be alleged, there was a reverter and the cause was properly dismissed." Accordingly it affirmed the trial court's judgment. 247 S. W. 2d 463.

The sole question before us is the interpretation of the provision of the deed above quoted. We need not determine whether that provision constitutes the statement of a condition of defeasance or a limitation upon the grant, for, as respects the precise question for decision, that is an immaterial matter. Whether or not there was paying production from the land within six months after December 10, 1945, is a question of fact not determined in the pre-trial conference. We expressly do not decide that question in this opinion.

The courts below have held that, since there was no production from the land on December 10, 1945, it is immaterial whether or not there was paying production thereon at any time within six months thereafter. In our view, a wrong approach has been made to the problem. The subject matter of the provision under review is "no production" and not "production." Had the provision been that "unless there is paying production on said land on December 10, 1945, and for six months thereafter the grant shall terminate," it would not be questioned that to prevent a reverter there must have been paying production on December 10 which continued for a six months' period. Under that provision the status on December 10 would have been that of "paying production," which status must have continued for six months. The conjunction "and," as employed in the hypothetical provision, would require that to prevent a reverter the status existing on December 10 must continue over the six months' period. Similarly, since the status on December 10 in the provision under review was "no paying production," in order to work a reverter that status must likewise continue for six months. If there was paying production on any day of the six months' period, then the absence of production on December 10 did not continue to exist for six months. Two elements must concur in order to bring about a reverter, namely, "no paying production" on December 10 and "no paying production" for six months thereafter. We think the provision means just the same as if it read "in case there is no paying production on said land on December 10, 1945, and no paying production thereon for six months thereafter, then this grant shall become null and void."

The entire paragraph under consideration is in a single sentence. We have discussed only the first clause of that sentence. The question remains, what effect is to be given to that subsequent clause reading as follows: "but should there be such production, then and in that event, this grant shall remain in full force and effect until such production ceases." That is clearly the statement of an additional limitation on the grant and does not render uncertain the meaning of the first clause. The deed was dated December 10, 1930. The only provision in the deed expressly placing any limitation on the grant is to be found in the sentence under review. That sentence, as above stated, provides for a reverter if there should be an absence of paying production during a stated six months' period. The subsequent provision defines the term of the grant should there be paying production during the six months' period. It provides that the duration of the grant will be extended beyond the six months' period only so long as paying production continues, and negatives the conclusion that the mere existence of paying production during that period will render the grant perpetual without regard to the uniterrupted continuation of that production.

Viewing the deed as a whole, the meaning of the paragraph under consideration appears to be that, should paying production be developed after the date of the deed and which ceases prior to December 10, 1945, the grant will not terminate unless for a six months' period following that date there shall be an absence of paying production. Should, however, there be paying production at the end of the six months' period, the grant will revert when such production ceases.

The judgments of both the trial court and the Court of Civil Appeals are reversed and the cause remanded to the trial court for trial on its merits.

Opinion delivered January 14, 1953.