### BAIN v. STRANCE et al.

### No. 3058.

Court of Civil Appeals of Texas. Waco.

Feb. 26, 1953.

Rehearing Denied March 19, 1953.

*grantors."* Appellees are present owners of the interest conveyed by this deed.

The lessee, Lone Star Producing Company, commenced drilling a well on the property on 5 August 1948; Officials of lessee testified they believed prior to 21 September 1948 that the well would be a commercial producer; on 22 September 1948 the well was tested and found to be a commercial well; on 24 September 1948 the superintendent of Lone Star Producing Company advised company officials by memorandum that tests conducted on 22 September proved the well a good producer, "(40,000 MCF per day)"; and advised them that connection with the gas well could be had as soon as possible. The Railroad Commission report showed the well to be completed on 28 September 1948 at 4 P.M.; a meter was installed on the well on 12 October 1948 and the first delivery to Lone Star Gas Company (purchaser of the gas) was made on 14 October 1948; first royalty payments were made for gas delivered on 14 October 1948.

Appellants contended that the royalty deed reverted back to them and that interest of appellees came to an end because there was no *paying production* on 22 March 1948, or on 22 September 1948.

The case was tried before the court without a jury and the Court entered judgment denying appellants any relief, holding and finding that there was paying production on the land on 22 September 1948, within the terms of the Royalty Deed.

Appellants appeal to this Court contending that: 1) Since there was no paying production on 22 March 1948 the royalty interest conveyed reverted to the appellants; 2) that the evidence conclusively shows that there was no paying production on 22 September 1948, and that the royalty interest reverted to the appellants.

◼ In their first point appellants contends that the interpretation of the provision "in case there is no paying production on 22 March 1948 and for 6 months thereafter", should be that there must be production *on 22 March 1948 which production must continue for 6 months thereafter.*

Herbert Marshall, Dallas, for appellant.
J. S. Simkins, Corsicana, for appellees.

McDONALD, Chief Justice.

Appellants filed suit against appellees to quiet title and remove cloud from title to 105 acres of land in Leon County. In 1933 appellants executed an oil and gas royalty deed to ¼ interest in the oil and gas royalty. The deed provided further *"in case there is no paying production on March 22, 1948, and for 6 months thereafter this grant shall become null and void and the minerals hereby conveyed shall revert to said*

In support of the above interpretation appellant cites Clark v. Holchak, [Tex.Civ. App.] 247 S.W.2d 463, "Application for W/E now pending in Sup.Ct."

The Supreme Court has since granted the Writ of Error applied for, reversed and remanded the case, and laid down the following interpretation of an identical royalty deed provision: An oil lease containing the provison "In case there is no paying production on said land on December 10, 1945, and for six months thereafter, that this grant shall become null and void" will *not* terminate unless for a six months period following that date there shall be an absence of paying production.

The Supreme Court opinion in Clark v. Holchak, Tex.Sup., 254 S.W.2d 101, above cited, governs, and appellant's first contention is accordingly overruled.

The only remaining question for this court to determine is, under the facts in this case, "Was there *paying production* on 22 September 1948 within the terms of the Royalty Deed?"

Appellant contends that there was no paying production on the land until 14 October 1948; and that discovery of oil or gas, or the *finding out* that the land does have oil or gas under it is not the same as "paying production", and that there is really no paying production until oil or gas is actually delivered into the tanks or pipeline and money is being paid for said production.

Whether or not there was "paying production" on 22 September 1948, within the meaning of the Royalty Deed under the fact situation in this case, is a fact question. Clark v. Holchak, 254 S.W.2d 101. The testimony of the Superintendent of Production for the lessee was to the effect that on September 22, 1948 he gauged the production of the well and that the well produced a million and eighty-six thousand feet of gas through the ¼ inch choke, *and that the well was known as a commercial well.*

The written memorandum which the Superintendent made to his superiors on 24 September 1948, which was introduced in evidence, stated that *on the morning of September 22, 1948, this well flowed at the rate of 1950 MCF of gas per day.*

The foregoing witness further testified that on 22 September 1948 gas was found in the well in sufficient quantities as to warrant its use in the market.

The trial court found that there was paying production on this land on 22 September 1948. We can not overturn this finding if there be *any* evidence in the record whatsoever to support that finding. The evidence in this record certainly abundantly supports that finding.

As to appellant's contention, that there is no paying production until the oil or gas is actually delivered into the tanks or pipeline and money is paid therefor, we can not agree. Where oil or gas is discovered prior to the day upon which the fee granted would terminate, a reasonable time in which to market and realize therefrom must certainly be allowed. Cowden v. General Crude Oil Co., Tex.Civ.App., 217 S.W.2d 109; Hanks v. Magnolia Petroleum Co., Tex.Com.App., 24 S.W.2d 5; Cox v. Miller, Tex.Civ.App., 184 S.W.2d 323, W/E Refused.

It is therefore our conclusion that paying production, within the meaning of the Royalty Deed, was accomplished on 22 September 1948, as found by the trial court. It is further our conclusion that even though paying production was not accomplished on 22 September, as above found (which it was), that under the authorities cited above, if oil or gas was discovered prior to the day upon which the fee granted would terminate a reasonable time after such discovery is allowed, for same to be marketed, before a forfeiture or a termination of the fee will be permitted. In this case the appellant concedes that paying production by his own definition, to-wit, *when the gas was pumped into the pipe lines and money paid for same,* was accomplished on 14 October 1948. We believe that the time lapse from 22 September to 14 October is not unreasonable.

The judgment of the trial court is therefore affirmed.