Nora M. **SELLERS**, Appellant,

v.

Anne Claire Heard **BREIDENBACH** et al.,
Appellees. ·

No. 13119.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 27, 1957.

Rehearing Denied March 27, 1957.

Shank, Dedman & Payne, Chaney & Harless, Dallas, for appellant.

A. W. Bounds, Dean J. Capp, Houston, Reese D. Wade, Morrill & Patton, Beeville, Lewright, Dyer & Redford, Corpus Christi, Storey, Armstrong & Steger, R. M. Martin, Jr., Dallas, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Nora M. Sellers in the District Court of Bee County, Texas, against Anne Claire Heard Breidenbach et vir, Claudia Heard de Osborne et vir, First National Bank in Dallas, Southern

Methodist University, and Stanolind Oil and Gas Company, in the nature of a trespass to try title to certain tracts of land fully described in the petition. From a summary judgment in favor of defendants, Nora M. Sellers has prosecuted this appeal.

Appellant actually claims title to an undivided one thirty-second royalty interest in the said property, by virtue of a term royalty deed dated December 1, 1930, in which her deceased husband, J. E. Sellers, Jr., was grantee. For the purposes of this appeal we may assume that prior to June 1, 1946, the significant date in said royalty deed, two gas wells had been completed on said property, but were shut-in on June 1, 1946, and were not actually producing on that date but were capable of "paying production" then and at all subsequent times.

The paragraph in the royalty deed which we are here called upon to construe reads as follows:

"It is further agreed and herein stipulated that in case there is no paying production on said land on or before December 1, 1945, and for six months thereafter, that this grant shall become null and void, and the minerals hereby conveyed shall revert to the said Grantor, their heirs and assigns, but should there be such production, then and in that event, this grant shall remain in full force and effect until such production ceases, after which this instrument shall become null and void."

This is the same provision that this Court was called upon to construe in Holchak v. Clark, 284 S.W.2d 399, 400. In that case Justice Norvell, speaking for this Court, said: "Paying production undoubtedly means the production of oil, gas or other minerals from the premises in paying quantities."

Under the record here there was no production whatever from the premises. There were two completed shut-in gas wells capable of producing gas but absolutely not producing. The parties could have placed in their royalty deed a shut-in gas well provision, if they had desired to do so, but we find no such provision in this deed. They could have provided that the royalty deed would be continued in effect if a well capable of producing was completed on the premises, if they had so desired, but they did not do so. "Paying production" does not mean the completion of a well capable of producing, it means a well which is actually producing on the significant date.

Appellant relies strongly upon the case of Bain v. Strance, Tex.Civ.App., 256 S.W.2d 208. This Court has heretofore refused to follow the dicta in the Bain case. Justice Norvell in Holchak v. Clark, supra, said:

"We are aware of the circumstance that the West Virginia cases mentioned have been cited with approval in certain Texas decisions, and that other opinions have in substance stated the holding of the Snodgrass case, i. e., that discovery of minerals within the definite term, followed by diligent operations thereafter, is the equivalent of producing oil, gas or other minerals in paying quantities. Such cases are Texas Pacific Coal & Oil Co. v. Bratton, Tex.Civ.App., 239 S.W. 688; Scarborough v. New Domain Oil & Gas Co., Tex.Civ.App., 276 S.W. 331; Bouldin v. Gulf Production Co., Tex.Civ.App., 5 S.W.2d 1019, and Bain v. Strance, Tex. Civ.App., 256 S.W.2d 208. Upon examination, however, it appears that such statements were unnecessary to a decision of the particular case and hence are dicta. So far as we have been able to ascertain, the Supreme Court of Texas has never approved the West Virginia rule. In our opinion such rule is unsound in law and we decline to follow it. The words 'discovered' and 'production' do not mean the same thing. Morrison v. Swaim, Tex.Civ.App., 220 S.W.2d 493."

The judgment of the trial court is affirmed.