**J. Virgil SCOTT et al. and Paul J. Rogers et al., Appellants,**

v.

**UNION PRODUCING COMPANY et al., Appellees.**

**No. 17495.**

United States Court of Appeals
Fifth Circuit.

May 21, 1959.

Rehearing Denied July 20, 1959.

Austin C. Wilson, Houston, Tex., John H. Dittmar, San Antonio, Tex. (Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., Morrison, Dittmar, Dahlgren & Kaine, San Antonio, Tex., of counsel), for appellants.

Orville I. Cox, Malcolm McDermott and Ewers, Cox & Toothaker, McAllen, Tex., for appellees, Horace Etchison and others.

George G. Clifton, George Clifton, Jr., San Antonio, Tex., for appellees Parmelee Group.

James W. McCartney, Thomas Fletcher, Houston, Tex. (Vinson, Elkins,

Weems & Searls, Houston, Tex., of counsel), for appellee Union Producing Co.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

These are appeals from a summary judgment entered on motions filed in an interpleader action brought by Union Producing Co., lessee in an oil and gas lease, to have determined and declared the owners of mineral interests subject to the lease and the proportions of royalties and payments thereunder to which, as such owners, they are entitled. It presents for decision here the single question whether the district judge erred in holding, on the authority of Sellers v. Breidenbach, Tex.Civ.App., 300 S.W.2d 178,[1] that the fractional mineral interests acquired by appellants under term mineral deeds had terminated, and the interests had reverted to the grantors.

Because the undisputed and controlling facts are fully and correctly set out and the law is as fully and correctly declared in the thoughtful opinion [2] of the district judge, we shall not undertake to present and discuss the theories and arguments of appellants and appellees in opposition and in support, but, referring with agreement and approval to the district judge's analysis of the law and the facts and contenting ourselves with adopting his thoroughgoing opinion as our own, we affirm the judgment upon the considerations and for the reasons stated by him.

We add only a reference to the recent opinion of the Supreme Court of Texas in Midwest Oil Corp. v. Winsauer, Tex., 323 S.W.2d 944, a case dealing with a temporary cessation of production without fault on the part of the operator after production had been begun within the term.

There, distinguishing the Sellers and Holchak cases, the Supreme Court expressly approved the principle upon which they were decided, that term clauses in mineral deeds are analogous to and must be given the same effect as similar term clauses in term mineral leases. Saying:

"We see no reason why the same general principles of law governing the construction of oil and gas leases containing habendum clauses providing the estate conveyed shall continue after the expiration of its primary term so long as oil or gas is produced, should not be applicable to the construction of a term royalty deed containing the same or similar provisions. The 'term royalty' in the case at bar is a determinable fee just as is the lessee's estate." [323 S.W.2d 944.]

and citing applicable cases, the Supreme Court held that *in the event of temporary cessation of production without fault on the part of the operator,* plaintiffs' right to enjoy the royalty "will continue in any event as long as the operator in good faith exercises diligence."

Rejecting the claim that Holchak and Sellers had held differently, the court stated:

"These cases are not in point. Neither of these cases deals with the question of cessation of production either temporary or permanent. The question in the Holchak case, supra, was 'whether or not there was paying production from the land within six months after Dec. 10, 1945, i. e., on June 10, 1946.' The uncontradicted evidence was that on or before June 10, 1946, there was no production from the well situated on the premises covered by the royalty deed. The same question was involved in the Sellers case, supra. The court simply held there was no production whatever from the premises."

1. Cf. Freeman v. Magnolia Petroleum Co., 141 Tex. 274, 171 S.W.2d 339; Morrison v. Swaim, Tex.Civ.App., 220 S.W.2d 493; Clark v. Holchak, 152 Tex. 26, 254 S.W. 2d 101, and Holchak v. Clark, Tex.Civ. App., 284 S.W.2d 399.

2. Union Producing Co. v. Scott, D.C.1958, 173 F.Supp. 361.

In the light of this opinion, of the cases cited in it, and of those cited by the district judge, we believe there is no escape from his conclusion that the reliance of the mineral deeds claimants upon the shut-in gas well provision in the oil and gas lease will not do, and that this is so for the reason stated by him:

"*It is the mineral deed, not the lease,* that should have contained a provision securing to the term mineral owners the benefit of a shut-in gas well provision."

The judgment was right. It is affirmed.