**Claire H. PARMELEE et vir, Appellants,**

v.

**NUECES ROYALTY COMPANY et al.,**
**Appellees.**

**No. 3721.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 26, 1962.

Rehearing Denied Oct. 26, 1962.

George G. Clifton, George G. Clifton, Jr., San Antonio, for appellants.

Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellees.

COLLINGS, Justice.

The opinion delivered in this cause on September 21, 1962, is withdrawn and the following is substituted therefor. Suit was brought by Nueces Royalty Company, a partnership composed of J. R. Howe, G. D. Beauchamp, Frith C. Owens and R. U. Maddox, and by R. S. Nixon and Paul J. Rogers against Claire H. Savage, now Claire H. Parmelee, who has been joined herein by her husband Clyde D. Parmelee. Plaintiffs, who were grantees under a term mineral deed, sought to recover from Mrs. Parmelee, who was grantor of an oil and gas lease and reversioner under the mineral deed under which plaintiffs held, a fractional part of the cash bonus consideration paid for the oil and gas lease. The court granted plaintiffs' motion for summary judgment and overruled the defendants' motion therefor. The Parmelees have appealed.

The parties have stipulated and agreed that the material facts are in substance as follows:

"1. By instrument dated April 26, 1935, Emma B. Hammond, by Mrs. H. H. Hammond, Attorney-in-Fact, as Grantor, conveyed to J. P. Flanagan, an undivided one-half (½) interest in the oil, gas and other minerals under 600 acres of land, more or less, in Hidalgo County, Texas, more fully described in said deed, the pertinent parts of said deed being as follows:

" 'It is further agreed that Grantee shall have one-half (½) interest in any bonus money received by the Grantor in any future lease or leases given on said land, and that it shall not be necessary for the Grantee to join in any such lease or leases so made * * *'.

" 'It is further agreed and herein stipulated that in case there is no paying production on said land on or before April 25, 1955, and for six months thereafter, that his grant shall become null and void, and the minerals hereby conveyed shall revert to the said Grantor, her heirs and assigns * * *'.

"2. That plaintiffs, by mesne conveyance, holding under said above described mineral deed, at all times pertinent to this suit, were, respectively, the owners of the undivided interest in the oil, gas and other minerals in and under the land covered thereby, as follows:

| | |
|---|---|
| Nueces Royalty Company | .15165567 |
| R. S. Nixon | .05055189 |
| Paul J. Rogers | .05055189 |
| Total | .25275945 |

"3. That subsequent to the execution and delivery of said above described mineral deed, it has been determined that the lands actually covered by and described in said deed comprise a total of 590.25 acres.

"4. That it has been judicially determined in the case of Scott et al. v. Union Producing Company et al., 5 Cir., 267 F.2d 469, that the interest of the Plaintiffs in the minerals in said 590.25 acres terminated on October 25, 1955.

"5. That Mrs. Claire H. Parmelee, as successor in title to Mrs. Emma B. Hammond, at all times pertinent hereto owned the reversionary rights to Plaintiffs' undivided mineral interest.

"6. That under date of July 29, 1954, as successor in title to Emma B. Hammond, Claire H. Savage (now Claire H. Parmelee), then a feme sole, et al., executed and delivered to Union Producing Company an oil, gas and mineral lease covering all of the lands involved in this suit for a term of five (5) years from December 13, 1954 (called primary term) and as long thereafter as oil, gas or other mineral is produced from said land. Said lease was a five (5) year paid up lease from the effective date thereof and was made for a consideration of Forty Dollars ($40.00) per acre, or a total of

Twenty-three Thousand Six Hundred Ten and no/100 Dollars ($23,610.00), which was paid to Defendant Claire H. Savage (now Claire H Parmelee.).

"7. That Defendant, Claire H. Savage (now Claire H. Parmelee) tendered to each of Plaintiffs as their proportionate parts of the bonus received by her, her several checks covering each respective undivided interest of Plaintiffs but calculated· in the proportion that the unexpired part of the term of their mineral grants held to the five (5) year term of the lease; more explicitly, 10.4/60 of their respective interests in the entire bonus received by her.

"8. That the tender of such monies was refused by each of Plaintiffs.

"9. That plaintiffs maintain that they are entitled to the respective amounts of said bonus, as follows:

| | |
|---|---|
| Nueces Royalty Company | .15165567 of $23,610.00 = $3,580.59 |
| R. S. Nixon | .05055189 of $23,610.00 = $1,193.53 |
| Paul J. Rogers | .05055189 of $23,610.00 = $1,193.53 |
| Total | .25275945 of $23,610.00 = $5,967.65, |

together with legal interest thereon.

"10. That Defendants maintain that Plaintiffs are only entitled to 10.4/60 (unexpired part of term mineral grant) of such bonus monies times their respective interests in the minerals in question.

"11. That there are no material disputed fact issues involved in this case.

"12. That the statute of limitation is expressly waived."

Appellants contend the court erred in overruling their motion for summary judgment, thereby denying them that portion of the cash bonus which was paid for the lease executed by appellant on her reversionary mineral estate in the land involved. Appellants contend that since the oil and gas lease executed by her was a five year lease and at the time it was executed appellees' term mineral interest had only a little more than one year to run that the court erred in granting appellees' motion for summary judgment thereby awarding appellees the consideration paid for that portion of the oil and gas lease which embraced appellants' reversionary interest.

Appellants' points are not well taken. The question involved is whether the payment received by appellant for the lease executed by her was "bonus money." If it was the court correctly held for appellees because the term mineral deed dated April 26, 1935, under which appellees held specifically provided that "grantee shall have one-half (½) interest in any bonus money received by the grantor in any future lease or leases given on said land."

Summers Oil and Gas Vol. 3A page 3 defines bonus as: "The cash bonus, which represents market value of a lease apart from royalties to be paid on production and other consideration of the lease, is a sum of money paid on the execution of the lease, or agreed to be paid at some later date, usually out of the lessee's share of the first oil produced from the land." In Griffith v. Taylor, 156 Tex. 1, 291 S.W.2d 673, Judge Calvert speaking for our Supreme Court defines "bonus" as "any consideration given for a lease over and beyond the usual ⅛th royalty, whether the additional consideration be paid or payable and whether paid in cash or payable out of production." The term bonus has also been defined as "a sum of money paid by a lessee to the lessor in consideration for the execution of a lease, as distinguished from the return of royalty reserved by the lessor to be paid by the lessee through the term of the lease."

Appellants cite the Texas Supreme Court case of Minchen v. Fields, 345 S.W.2d 282.

Contrary to appellants' contention this case, in our opinion, supports the judgment of the trial court. In that case Minchen held under a term mineral deed covering a fractional interest expiring in the absence of production on April 2, 1955.

The oil and gas lease executed by Fields was for a five year term expiring on February 28, 1952, and provided for a $5.00 per acre cash bonus. Minchen's proportionate part of this cash bonus was paid in full without a question. Minchen contended that he was also entitled to the same proportionate part of a production payment of $75.00 per acre, payable under the terms of the lease out of $\frac{1}{32}$nd of $\frac{7}{8}$ths of the oil and/or gas and other minerals, "if, as and when produced, saved and sold." Production was had on land covered by the lease but not on the land upon which Minchen held a term mineral interest. Our Supreme Court held in that case that the production payment in question constituted a part of the bonus for the lease, but limited Minchen's participation in such production payment to the monies actually received up to termination of his mineral grant. The court indicated that by the terms of the lease such production payment was conditioned on actual production and was not an absolute obligation to pay a sum within a specified time.

In the instant case the bonus received by Mrs. Parmelee was a cash bonus paid at a specified time during the term of the mineral deed under which appellees held, that is, upon the execution of the lease. None of such bonus was under the terms of the lease conditioned upon production after the expiration of appellees' term mineral interest. Appellees were entitled to the full stated share in the bonus money so received by the grantor.

In our opinion the consideration received by Mrs. Parmelee for and at the time of the execution of the lease was "bonus". According to the express provisions of the term mineral deed under which appellees held, each of the mineral owners was en-

titled to receive the same fractional part of such cash bonus consideration as his respective interest in the minerals in question at that time bore to the whole. The court correctly entered judgment in favor of the appellees.

The judgment is affirmed. Since the order heretofore entered affirming the judgment is in our opinion correct we overrule appellants' motion for rehearing. The foregoing opinion is, however, substituted in lieu of the original opinion which is withdrawn.