James E. STEPHENSON et ux., Appellants,

v.

Ben Lynn VINEYARD, Jr., Independent Executor et al., Appellees.

No. 17066.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 16, 1978.

Rehearing Denied April 13, 1978.

Kilgarlin, Dixon & Hancock, W. W. Kilgarlin, Houston, for appellants.

Wadler, Webb & Lipscombe, Larry E. Wadler, Wharton, Dohoney, Collier, Cartwright & Wandel, N. Wyatt Collier, Byrnes, Myers, Adair, Campbell & Sinex, Rollin L. Fischer, Houston, for appellees.

PEDEN, Justice.

Plaintiffs, James E. and Aprile Dianne Stephenson, appeal from a declaratory judgment holding that they have no mineral interests in two tracts of land that had been conveyed to them by Mae V. Neal. The Stephensons granted an oil and gas lease to Caddo Oil Co. on the property and then conveyed it to M. Shirley Cardwell, trustee, who deeded it to twenty-four persons, each of whom intervened. The trial court held that half of the minerals reverted to the estate of Mae V. Neal under provisions in her conveyances and that the royalty interest reserved by the Stephensons in their deed to Shirley Cardwell had terminated. Appellants argue that Mae V. Neal's reversionary interest had not commenced, since a well capable of producing in paying quantities had been discovered before the reverter was to vest and that

since there was production from another tract in the pooled unit within two years of their conveyance to Shirley Cardwell, they were entitled to the royalty they had reserved. We affirm.

This case was submitted to the trial judge on an agreed statement of facts. Mae V. Neal conveyed a total of 194.081 acres of land to Mr. and Mrs. Stephenson by deeds dated June 28, 1972 (174.54 acres) and July 1, 1972 (20.38 acres). The Stephensons executed an oil and gas lease to Caddo Oil Company on July 22, 1972, that was later ratified by Mr. Vineyard under his power of attorney from Mae V. Neal. The Stephensons conveyed the property to Shirley Cardwell, trustee, on August 10, 1973. On the same day Cardwell deeded the property to Yiu Luen Lau in trust for the intervenors.

On June 3, 1974, a pooled unit called McFarland #1 was formed by Caddo Oil. This unit included 99.145 acres of the Stephenson tract, but the well was drilled on adjoining property. It was potentialed on April 22, 1974 for an open flow of 1,533,000 cubic feet of gas per day, but none of the gas was sold until July of 1975. The parties stipulated that a well was drilled on the James Stephenson 194.081 acre tract but was plugged and abandoned as a dry hole on August 28, 1973. No operations for drilling a well on that tract have been commenced since, and no producing well has ever been physically located on the 194.081 acre tract. Delay rental payments were made by Caddo to James Stephenson in 1973 and on July 16, 1974 and to Ben Vineyard, executor of the estate of Mae V. Neal, on the latter date. No shut-in payments have been made.

The Stephensons sued Mr. Vineyard as independent executor of the estate and Mae V. Neal and Caddo Oil Company for a determination of the parties' rights under the conveyances. Shirley Cardwell and the other twenty-four intervenors sought a declaration of the reversionary provision in their deed from the Stephensons.

Since the parties submitted an agreed statement of facts, the only questions to be resolved by the trial court were a construction of the deed provisions to determine the parties' respective mineral interests.

■ Appellants' first point is that the court erred in refusing to enter conclusions of law properly requested under Rules 296 and 297, Texas Rules of Civil Procedure. We overrule this point. The stipulated facts present no intricate or complex law questions, and the trial court's legal conclusions can be ascertained by reading the judgment. A judge is not required to set out every minute detail of his reason for having reached the legal conclusions expressed. *Ligon v. E. F. Hutton & Co.,* 428 S.W.2d 434, 441 (Tex.Civ.App.1968, writ ref. n. r. e.). The record does not show that the court's failure to file conclusions of law has resulted in any injury to the appellants.

■ Appellants' second point asserts error in the trial court's holding that half of the mineral rights revert to the estate of Mae V. Neal under this reservation in her June 28, 1972 deed to the Stephensons:

"PROVIDED, HOWEVER, that I, MAE V. NEAL, hereby reserve onto myself, my heirs and assigns, one-half (½) of the oil, gas and other minerals on, in, and under the above described property from and after two (2) years from date hereof, or from and after the cessation of production of any minerals which are being produced from the above described property at the end of said 2-year period (whichever is later in point of time), which reservation shall entitle me and my heirs and assigns to full ownership of said one-half (½) of said minerals of said two tracts after above described period of time, including the executory rights thereof, the bonuses and delay rentals received from Leases of such one-half (½) of the minerals of the above described property and the royalties received from production of one-half (½) of the minerals therefrom; provided that such one-half (½) of the minerals of said above described property shall not pass unto me and my heirs and assigns until production ceases from any and all wells, mines and other mineral producing units located on

said above described property which are in production at the end of said 2-year period."

Appellants argue that the test on April 22, 1974, showed the production potential of the McFarland well and that this along with efforts of Caddo to secure transportation and marketing of the gas satisfied the production requirement in the provision above. Appellants rely on *Bain v. Strance,* 256 S.W.2d 208 (Tex.Civ.App.1953, writ ref. n. r. e.). We note, however, that the Texas Supreme Court has expressly refused to follow the statement in *Bain* that discovery is the equivalent of production. *Sellers v. Breidenbach,* 300 S.W.2d 178 (Tex.Civ.App. 1957, writ ref.); *Holchak v. Clark,* 284 S.W.2d 399 (Tex.Civ.App.1955), writ ref.). See also *Amoco Production Co. v. Braslau,* 561 S.W.2d 805 (1978).

> "The parties could have placed in their royalty deed a shut-in gas well provision, if they had desired to do so, but we find so such provision in this deed. They could have provided that the royalty deed would be continued in effect if a well capable of producing was completed on the premises, if they had so desired, but they did not do so." *Sellers v. Breidenbach, supra.*

In both the *Sellers* and *Holchak* cases, the royalty deeds provided that if there was no "paying production" on the land conveyed before a stipulated date, the grant should be void and the interest should revert to the grantors; in our case the provision in question referred to "production", and did not specify "paying production." We consider the Supreme Court's refusal to follow the *Bain* case controlling, nonetheless, because in *Sellers, Holchak,* and in our case, there was discovery but not production.

■ Appellants' third point attacks the finality of the judgment, pointing out that it determines the rights of the parties under the Neal deed dated June 28, 1972 covering 174.54 acres but does not specifically dispose of the parallel issue pertaining to the July 1, 1972 transfer of 20.38 acres. We note, however, that the reversionary interest provisions are identical in the two deeds and

that no event occurred between June 28, 1974 and July 1, 1974 that could result in a different holding as to the July 1, 1972 deed. "A judgment which grants part of the relief but omits reference to other relief put in issue by the pleadings will ordinarily be construed to settle all issues by implication." *Vance v. Wilson,* 382 S.W.2d 107, 108 (Tex.1964); 4 McDonald, Texas Civil Practice 78, § 17.10.4. We hold that the trial court, by implication, determined the rights of the parties under both of the conveyances from Neal to the Stephensons.

■ We consider points of error four and five together. In them the appellants contend that the trial court erred in entering judgment that there was no production from the property in question within two years from August 10, 1973, and that the three-fourths royalty interest reserved by the appellants in their deed of that date to Shirley Cardwell, trustee, vested in the intervenors on August 10, 1975. The royalty reservation in the appellants' August 10, 1973 conveyance to Shirley Cardwell stated:

> "save and except, that grantors reserve unto themselves, their heirs and assigns, an undivided three-fourths (¾) royalty of all the oil, gas, or other minerals in, on or under, or that may be produced from the above-described property for a period of two (2) years from the date hereof, and so long thereafter as oil, gas, or other minerals are produced from said property. At the end of said two (2) year period from the date hereof if oil, gas, or other minerals are not being produced from said property, then the title to said three-fourths (¾) royalty shall pass to and vest in the grantee herein, her successors and assigns; if however, at the end of said two (2) year period, oil, gas, or other minerals are being produced from said premises, then, if and when oil, gas, or other minerals cease to be produced from said land after the expiration of said two (2) year period from the date hereof title to said three-fourths (¾) royalty shall pass to and vest in the grantee, her successors and assigns."

This clause in the deed is immediately followed by:

"This conveyance is subject to the following:

(1) Oil, gas, and mineral lease dated July 26, 1972, from JAMES STEPHENSON and wife, APRILE DIANNE STEPHENSON, to CADDO OIL COMPANY, recorded in Volume 572, Page 499, of the Deed Records of Fort Bend County, Texas."

The lease authorized Caddo Oil Company to pool or unitize the land in question with any other land covered by the lease and stated that any "operations conducted on any part of such unitized land shall be considered for all purposes except the payment of royalty, operations conducted upon said land under this lease." The issue under appellants' points four and five is whether production from a well on an adjoining tract that is part of a unit set by the lessee must be considered production from the described property when the conveyance provided that it was subject to a lease and the lease contained the provisions just recited. We hold that it does not.

"The term 'subject to', as used in the mineral deed has a well recognized meaning. The words 'subject to', used in their ordinary sense, mean 'subordinate to', 'subservient to' or 'limited by'. There is nothing in the use of the words 'subject to', in their ordinary use, which would even hint at the creation of affirmative rights." (citations omitted)

'Subject to', as used in conveyances, is a term of qualification and not of contract."

*Kokernot v. Caldwell,* 231 S.W.2d 528, 531 (Tex.Civ.App.1950, writ. ref.).

We do not agree with the appellants' position that by accepting the deed or benefits under it Cardwell and her assigns ratified the oil and gas lease previously executed by the Stephensons and recited in the deed. In *Loeffler v. King,* 236 S.W.2d 772 (Tex.1951), a "subject to" clause ratified or gave new life to a prior lease that may have terminated, but we have no such facts in our case.

We cannot say that by adding the "subject to" clause that Stephensons enlarged their clearly-stated mineral interest to include production of oil or gas from an adjacent tract pooled pursuant to the lease.

Affirmed.