W. H. HOLLAND et al., Appellants,

v.

Josefina VELA DE PENA et vir, Appellees.

W. L. PICKENS et al., Appellants,

v.

Delia M. VELA DE VASQUEZ et vir, Appellees.

Nos. 13640, 13641.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 8, 1961.

Rehearing Denied March 8, 1961.

Stafford, Atlas & Spilman, McAllen, Strong, Baker & Heyburn, Houston, for W. H. Holland and others.

Stafford, Atlas & Spilman, McAllen, for W. L. Pickens and others.

Mann, Byfield & Castillon, Laredo, for appellees.

MURRAY, Chief Justice.

These two cases involve exactly the same legal questions and one opinion will be written covering both cases. The judgment in each case was rendered in the District Court of Zapata County, Texas, 49th Judicial District.

We here copy appellants' statement of the case:

"This is an appeal from a judgment entered by the 49th Judicial District Court of Zapata County, Texas, granting to the Appellees their motion for summary judgment, and denying to the Appellants their motion for summary judgment. The legal question presented for decision in this case is whether or not, where a well capable of producing gas in commercial quantities is shut-in for lack of market, the payment of royalty on the shut-in well constitutes production, under the pertinent instruments herein involved, so as to continue a term royalty interest in effect beyond its fixed term."

The facts show that appellees executed certain royalty deeds and that appellants deraign their royalty interest by mesne conveyances by virtue of these royalty deeds. Such royalty deeds were to run for a term of fifteen years, and so long thereafter as oil and gas was produced from the premises. Leases were executed on these premises and a well capable of producing gas in paying quantities was drilled upon the land, but due to lack of a market gas was never produced from the well. The parties owning the working interest paid $50 per year on this well, as was provided in the lease but not in the term royalty deeds. Thus the question arose whether or not the payment of this shut-in royalty on the gas well was such production as to continue the term royalty deeds in effect after the fifteen-year period provided in such royalty deeds.

This exact question has recently been answered in the negative by the Supreme Court on June 22, 1960, in Archer County v. Webb, Tex., 338 S.W.2d 435, 437. We feel we should do nothing more than cite this case.

Appellants try to distinguish this case from the Archer-Webb case because here the word "produced" was used, while there the term "in commercially paying quantities" was used. Both expressions mean one and the same thing. Garcia v. King, 139 Tex. 578, 164 S.W.2d 509; Gulf Oil Corporation v. Reid, Tex., 337 S.W.2d 267.

The judgment in each case is affirmed.