**INVESTORS ROYALTY COMPANY, Inc., et al., Appellants,**

v.

**CHILDRENS HOSPITAL MEDICAL CENTER et al., Appellees.**

No. 14040.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 23, 1963.

Rehearing Denied Feb. 20, 1963.

Jones & Fly, San Antonio, McNeill & McNeill, Tulsa, Okl., for appellants.

Matthews, Nowlin, Macfarlane & Barrett, San Antonio, Storey, Armstrong & Steger, Dallas, for appellees.

POPE, Justice.

We withdraw our former opinion. Plaintiffs, the Childrens Hospital Medical Center and others, sued Investors Royalty Company, Inc., and others, for a declaratory judgment that a term royalty deed had terminated, and the trial court so held. The case was tried upon agreed facts. No one contends that the instrument is ambiguous. In our opinion the term royalty had expired.

Two instruments are involved, an oil and gas lease and the term royalty deed. The lease was first executed and delivered by Clara Briam to Moore Development Company. It was dated April 17, 1940, and

covered 1,861 acres of Live Oak County, Texas, land. Plaintiff Hospital is successor to the rights of Briam, the lessor. Defendant Royalty Company is successor to the rights of Moore Development Company, the lessee. All parties conceded that the oil and gas lease is still in force. Actual production existed until July, 1958, when the well stopped producing. It was plugged and abandoned in September, 1958. In September, 1957, before actual production ceased, a gas well capable of producing gas in commercial quantities was completed. As permitted by the terms of the lease, the gas well was shut in for lack of a market. In January, 1959, a second producing gas well was completed and it too was shut in. Shut-in royalty was timely paid and the lease, therefore, continued in force. In September, 1959, both gas wells were connected to a pipe line and actual production has continued since that time. From these facts, it is seen that there was a period from August, 1958, to September, 1959, when there was no actual production, but there was substitute production under the terms of the lease.

The term royalty deed is the other instrument, and the one which we must construe. It was from the same grantor, Clara Briam, was to the same grantee, Moore Development Company, and was for a fractional royalty to the same land described by the lease. Plaintiff Hospital and Defendant Royalty Company are also the respective successors of their rights under that deed. Since the terms of the royalty deed are controlling, we shall state the pertinent portions.[1] Briam, the grantor, conveyed (1) "an undivided one-half (½) interest in and to all of the oil royalty, gas royalty, and royalty in casinghead gas, gasoline, and royalty in other minerals in and under, and that may be produced and mined from the following described lands situated in the County of Live Oak and State of Texas. (Here follows a description of lands. They are the same lands described in the earlier lease between the same parties.)

(2) "These lands are more particularly described by metes and bounds in a mineral lease from Mrs. Clara Briam to Moore Development Company covering the same parcels of land, said lease being dated April 17, 1940, * * *.

(3) " * * * This grant shall run, and the rights, titles and privileges hereby granted shall extend to Grantee herein, and to Grantee's heirs, administrators, executors and assigns, for a period of fifteen (15) years from date hereof and as long thereafter as oil, gas or other minerals, or either of them is produced or mined from the lands described herein, in paying or commercial quantities. If at the expiration of said fifteen (15) years from date hereof, oil, gas or other minerals, or either of them, is not being produced or mined from said land or any portion thereof in paying or commercial quantities, this contract shall be null and void and the Grantee's rights hereunder shall terminate.

(4) "Said lands, or portions thereof, being now under oil and gas lease executed in favor of Moore Development Company it is understood and agreed that this sale is made subject to the terms of said lease, but covers and includes one-half (½) of all the oil royalty, and gas royalty, and casinghead gas and gasoline royalty, and royalty from other minerals or products, due and to be paid under the terms of said leases. * * *."

(5) Provision is made for a minimum royalty which the grantor must require with respect to any future oil and gas leases.

(6) "TO HAVE AND TO HOLD the above described property and rights, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Grantee, and to Grantee's heirs, administrators, executors and assigns, forever, * * *."

1. Numerals are ours.

■ Plaintiff Hospital contended below and the court held, that paragraph (3) of the term royalty deed limited the term for fifteen years, plus such time as there was actual production thereafter. Actual production continued until July of 1958. The production which paragraph (3) requires is actual production. Archer County v. Webb, 161 Tex. 210, 338 S.W.2d 423; Freeman v. Magnolia Petroleum Company, 141 Tex. 274, 171 S.W.2d 339; Garcia v. King, 139 Tex. 578, 164 S.W.2d 509; Holland v. Vela de Pena, Tex.Civ.App., 343 S.W.2d 750; Sellers v. Breidenbach, Tex. Civ.App., 300 S.W.2d 178, 179. When we look to that paragraph, the term royalty deed terminated after fifteen years plus the period of actual production. The shut-in royalty was paid under the terms of the lease, for a period of thirteen months. During that time there was no actual production. As we understand Archer County v. Webb, supra, this was not a mere temporary cessation of actual production.

■ Defendant Royalty Company contends that the trial court was wrong because paragraph (4) conveyed something more, in that it extended the fifteen-year term for such length of time as the pre-existing lease continued, even though it was by shut-in royalty as substitute production. Kokernot v. Caldwell, Tex.Civ.App., 231 S.W.2d 528, concerned a twenty-year term-royalty deed with the same provision as that contained in paragraph (4) of the royalty deed in this case. The Court held that paragraph (4) did not fix a different duration or add to the term of the granting clause. In that case, as here, the Court was concerned with time, or duration of the term.

Hoffman v. Magnolia Petroleum Co., Tex. Com.App., 273 S.W. 828, is the basis for defendants' contention that the term royalty endured even beyond fifteen years plus the period of actual production. That case was not concerned with time but the quantum of land covered by the lease and the term royalty. In Kokernot v. Caldwell, the Court distinguished Hoffman v. Magnolia, and the Supreme Court refused a writ. We do not find that Kokernot has ever been overruled. Case—Pomeroy Oil Corporation v. Pure Oil Company, Tex.Civ.App., 279 S.W.2d 886.

We therefore affirm the judgment of the trial court.