**MIDWEST OIL CORPORATION et al.,**
**Appellants,**

**v.**

**E. D. MENGERS et al., Appellees.**

**No. 4179.**

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1963.

Rehearing Denied Nov. 21, 1963.

W. Scott Clark, Ft. Worth, for appellants.

Beasley & Beasley, Beeville, for appellees.

McDONALD, Chief Justice.

Plaintiffs, Midwest Oil Corporation, et al, instituted this suit against defendants Mengers, et al, to establish the continued existence of a term royalty interest in 400 acres of land in Bee County, Texas.

On October 8, 1940 Charles Mengers, Sr. and wife owned the surface and minerals of the 400 acre tract; and on that date conveyed to W. Earl Rowe a ½ nonparticipating royalty interest in such 400 acres for a term of "15 years from the date hereof and as long thereafter as oil, gas or other minerals, or either of them, is produced or mined from the lands described herein, in paying quantities. If at the expiration of 15 years from date hereof, oil, gas or other minerals, or either of them, is not being produced or mined from said land or any portion thereof in paying or commercial quantities, this contract shall be null and void and the grantee's rights hereunder shall terminate."

Plaintiffs derive their interest and rights from the royalty deed to Rowe. Defendants are the children and heirs of Charles Mengers, Sr. and wife.

On September 8, 1950, Mengers, Sr. and wife executed an oil and gas lease to one Gill, covering the 400 acres herein. Such lease provided:

"Where gas from a well producing gas only is not sold or used, lessee may pay as royalty $100. per well per year, and if such payment is made, it will be considered that gas is being produced within the meaning of paragraph 2 hereof."

Plaintiffs ratified such lease in 1952, but the reversion owners did not join in such ratification.

Such lease by mesne conveyances devolved to Skinner, Calvert, Newman and Anderson, who completed a gas well on the 400 acre tract in 1951, and same was shut-in on August 11, 1951, and remained shut-in until August 21, 1959. Although shut-in gas royalty was paid plaintiffs during the period was shut-in, plaintiffs have not received any portion of the runs since marketing began on August 21, 1959.

Plaintiffs filed the instant case contending that under the facts, that the term royalty has not lapsed, but was extended beyond the 15 year term by the shut-in gas royalty payments, in the same manner it would have been extended, by production in paying and commercial quantities.

Trial was before the court without a jury, which rendered judgment that plaintiffs take nothing.

Plaintiffs appeal, contending that where the reversion owners execute, and the term owners ratify a lease containing a stipulation that payment of shut-in gas royalty shall constitute commercial production, and shut-in royalty is paid until marketing begins, the term royalty is extended thereby. Plaintiffs concede in their brief that if Archer County v. Webb, 161 Tex. 210, 338

S.W.2d 435 governs the fate of their term royalties; that same have lapsed. Plaintiffs urge that Southland Royalty Co. v. Humble Oil & Refining Co., 151 Tex. 324, 249 S.W. 2d 914, and Spradley v. Finley, 157 Tex. 260, 302 S.W.2d 409, govern disposition of the instant case, and that the rules enunciated in such cases operate to modify and enlarge the 15 year term the royalty interest was granted for herein.

We think that Archer County v. Webb, supra, governs the case at bar. We think the facts of the instant case identical with the facts of the Archer County case, with the exception that in the instant case the plaintiffs *unilaterally* executed a division order which contained words of ratification of the oil and gas lease. It is noted that the Mengers Sr., the reversion owners, did not join in the division order or ratification. In our view, the unilateral act of plaintiffs in ratifying the lease, can in no way take the instant case out of the rule of Archer County v. Webb.

The royalty deed provided for plaintiffs' interest to continue for 15 years (which expired in 1955) or so long thereafter as oil or gas is produced in paying quantities. Archer County v. Webb, supra, holds that shut-in payments will continue the *lease* in force, but not the *royalty interest,* and noted, *"It is the mineral deed, not the lease, which should have contained the provision securing to the term mineral owners the benefits of the shut-in gas well provision"* (for plaintiffs' contentions to prevail).

Our conclusion is that the term of the royalty deed was not extended beyond the 15 years by the execution·of the lease, and the fact that plaintiffs, by unilateral action, ratified such lease adds·nothing, and likewise. cannot extend the term of the mineral deed beyond the 15 years. See also Investors Royalty Co. v. Childrens Hospital, Tex. Civ.App. (n. r. e.) 364 S.W.2d 779.

The rule of Archer County v. Webb, supra, has become a rule of property as to the factual situation presented, and should not

be changed, absent other controlling circumstances. Southland Royalty Co. v. Humble Oil & Refining Co., supra.

Plaintiffs' contentions are overruled and the judgment of the Trial Court is affirmed.