F. H. **RAMAGE** et al., Appellants,

v.

H. A. **POTTER** et al., Appellees.

No. 7536.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 5, 1963.

Rehearing Denied Dec. 17, 1963.

Lawrence P. Gwin, Bell, Camp, Gwin & Furse, Bay City, for appellants.

W. Jack Salyer, Harris & Salyer, Bay City, Paul A. Smith, Smith & Fulton, John M. Jamison, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Al Taylor, Bay City, Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellees.

FANNING, Justice.

Appellants' statement of the case (omitting references to the transcript) is as follows:

"This is a trespass to try title case instituted to determine the title to a mineral royalty interest upon the expiration of the twenty (20) year term prescribed in the grant. The case was submitted to the Trial Court upon an Agreed Statement of Facts. The Trial Court, upon the Agreed Statement of Facts as contained in two Stipulations and five numbered Exhibits established title in the Defendants, H. A. Potter and E. Allan Graham as assignees of the grantee in said term royalty deed. To this judgment Plaintiffs excepted and perfected their appeal to this Court. The only legal question for decision may be stated in the exact language before the Court for decision in Holland v. De Pena, Tex.Civ.App., 343 S.W.2d 750, 751 (writ refused), to-wit:

"'* * * whether or not, where a well capable of producing gas in commercial quantities is shut-in for lack of market, the payment of royalty on the shut-in well constitutes production, under the pertinent instruments herein involved, so as to continue a term royalty interest in effect beyond its fixed term.'"

Appellees in their brief under the heading "Statement of the Case" state: "Appellee does not wish to add anything to appellant's statement of the case."

We hold that the legal question above stated is foreclosed by the opinion of the Supreme Court of Texas in Archer County, et al. v. Webb, et al., 161 Tex. 210, 338 S.W.2d 435, and under the record in this case must be answered in the negative. In Holland, et al. v. De Pena et vir, Tex.Civ.App., 343 S.W.2d 750, writ refused, the above stated question was answered in the negative, and we quote from the court's opinion in said case as follows:

"This exact question has recently been answered in the negative by the Supreme Court on June 22, 1960, in Archer County v. Webb, [161] Tex. [210], 338 S.W.2d 435, 437. We feel we should do nothing more than cite this case."

The judgment of the trial court is reversed and judgment is here rendered for appellants decreeing title in appellants to the royalty interest sued for.

Reversed and rendered.